IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

URBAN FINANCIAL REO, LLC, )
 )
    Plaintiff/Counterclaim Defendant, )
 )
v. )
 )
 ) Case No. 19-CV-39-TCK-JFJ
BETTY ATWOOD, individually and on behalf )
of a class of similarly situated persons, )
 )
    Defendant/Counterclaim Plaintiff and )
    Third-Party Plaintiff, )
 )
v. )
 )
REVERSE MORTGAGE SOLUTIONS, INC., )
    Third-Party Defendant, )

## OPINION AND ORDER

Before the Court is the Motion to Remand filed by defendant Betty Atwood. Doc. 33. Third Party Defendant Reverse Mortgage Solutions, Inc. "Reverse Mortgage" opposes the motion.[1]

**I. Background**

This case was originally filed by Urban Financial, REO, LLC ("Urban") in the District Court for Nowata County, Oklahoma, on November 15, 2017. Urban sought foreclosure of a mortgage and an *in rem* judgment against Atwood, alleging she owed Urban $332,966.62.

On December 21, 2018, Atwood filed her Combined Amended Answer, Counterclaim and Third-Party Petition, stating claims against Urban and Reverse Mortgage Solutions, Inc. ("RMS").

---

[1] Plaintiff Urban financial REO, LLC, took the position that resolution of the motion should be delayed pending a decision by the Supreme Court in *Home Depot, USA, Inc. v. Jackson*, 139 S.Ct. 51 (2018).

On January 25, 2019, RMS removed the case to this court. Doc. 2. Subsequently, Both Urban and RMS filed Motions to Dismiss. Docs. 5, 10, 21. Atwood filed a Motion to Remand the case to state court. Doc. 33, arguing that RMS improperly removed the case.

**II. Discussion**

Pursuant to 28 U.S.C. § 1441(a), a civil action is removable only if the plaintiff could have originally brought the action in federal court. Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906 (10th Cir. 1974). Accordingly, the Court strictly construes the removal statute and, as a general matter, must resolve all doubts against removal. *See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Under § 1441(a), a case may be removed to federal district court by "the defendant or the defendants," but the statute does not expressly permit removal by a third-party defendant. Although the Tenth Circuit has not considered the issue, the Fourth, Sixth, Seventh and Ninth Circuits have concluded that third-party defendants are not permitted to remove a case from state court to federal district court. *See Westwood Apex v. Contreras*, 644 F.3d 799 (9th Cir. 2011); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002); *Thomas v. Shelton*, 740 F.2d 478 (7th Cir. 1984). This Court, on at least three occasions, has also reached the same conclusion. *See Bank of America, N.A. v. Barnard*, 2018 WL 6517450 at *3 (N.D. Okla. Dec. 11, 2018); *Oklahoma v. 1983 Porsche*, 2008 WL 4570315 (N.D. Okla. Oct. 10, 2008); *Stillwater Nat'l Bank & Trust Co. v. Perryman Family Revocable Trust Date November 1, 1997 ex rel. Perryman*, 2006 WL 3716894 (N.D. Okla. Dec. 14, 2006).

On May 28, 2019—after the filing of the Motion to Remand in this case—the Supreme Court resolved this issue, ruling 5-4 that third party defendants such as RMS may not remove a

2

lawsuit under either 28 U.S.C. § 1441(a) or 28 U.S.C. § 1453(b) (governing removal of class actions). *See Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1751 (2019).

### III. Conclusion

In accordance with the Supreme Court's decision in *Home Depot*, the Court concludes that this case was improperly removed from state court. Defendant/Third-Party Plaintiff Betty Atwood's Motion to Remand [Doc. 33] is hereby granted.

ENTERED this 11th day of September, 2019.

TERENCE C. KERN
United States District Judge